## NATL ACCEPTANCE Co v AKRON OLDSMOBILE Co

Ohio Appeals, 9th Dist, Summit Co
No 1806.   Decided Dec 2, 1930

White & Doak, Akron, for Acceptance Co.

Jonathan Taylor, Akron, for Oldsmobile Co.

PER CURIAM

As between the parties to it, the mortgage of the Akron Oldsmobile Co. was valid and binding, and gave to that company the right to take possession of said automobile, and the National Acceptance Co., by its mortgage, did not acquire the right to the possession of said automobile as against the Akron Oldsmobile Co. unless the Acceptance Co. was a mortgagee in good faith within the meaning of 8560 GC.

An important fact bearing upon that question is that there was no consideration of any kind whatsoever for the mortgage of the Acceptance Co. except a pre-existing debt due to that company from the owner of said automobile.  It may well be doubted whether a chattel mortgage, obtained merely in security of a pre-existing debt, without any other consideration whatever, constitutes the one taking the same a mortgagee in good faith within the meaning of said statute.

Lewis v. Anderson, 20 Oh St 281.

But in this case, in addition to that fact, there was evidence tending to prove such facts as would cause an ordinarily careful and prudent person to make inquiries which would lead to knowledge of the existence of the Oldsmoblie Co. mortgage—circumstances which, considering the knowledge the Acceptance Co. had in reference to the mortgagor's affairs and mode of transacting business, probably charged it with the duty of making inquiries; and moreover, there was some evidence, admitted without objection, tending to prove that it had actual notice of the existence of the Oldsmoblie Co. mortgage, which was denied by the evidence in behalf of the Acceptance Co.

Therefore, the controlling question presented to us for our consideration and determination is, Is the trial court's decision that the plaintiff in error was not a mortgagee in good faith, manifestly against the weight of the evidence?

We have carefully considered the evidence and the claims of the parties, and we are not unanimously of the opinion that the finding of the trial court is manifestly against the weight of the evidence.

The judgment is therefore affirmed.

Funk, PJ, Pardee, J, and Washburn, J, concur.